IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodney Yarberough,<br><br>  Petitioner,<br><br>vs.<br><br>Dennis R. Smith,<br><br>  Respondent. | No. CV-12-0966-PHX-JAT (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, SENIOR U.S. DISTRICT JUDGE:

    Rodney Yarberough, a federal prisoner currently confined at FCI-Phoenix, filed a timely, fully exhausted Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 8, 2012. In his petition, he raises two grounds for relief: (1) he is entitled to pre- and post-sentence incarceration credit because the State of Colorado relinquished charges and jurisdiction to federal authorities; and (2) the Bureau of Prisons (BOP) abused its discretion in denying his request for retroactive designation under 18 U.S.C. § 3621(b). Specifically he is seeking additional sentence credit of 29 ½ months, from October 6, 2008, to the date of his parole from the State of Colorado on March 10, 2011. Respondent contends that under the circumstances of this case, Yarberough is not entitled to either double credits or a *nunc pro tunc* designation. The Court agrees and recommends that the petition be denied and dismissed with prejudice.

**BACKGROUND**

Yarberough is currently serving a 63-month sentence, followed by 3 years of Supervised Release from the District of Colorado for Possession of a Firearm by a Convicted Felon. He is projected to complete his sentence via Good Conduct Time Release on October 6, 2015 (Doc. 9, Exh 1, Attachment 2). Yarberough was arrested by the Colorado Springs Police Department for weapons charges on September 18, 2008 (*Id.*, Attachment 3). He was on parole at the time of his arrest from El Paso County, Colorado Springs, Colorado; he was also detained on a Colorado parole violation, and a federal ATF detainer (Doc. 1-2 at 4).

On October 23, 2008, the Colorado state charges were dismissed; Yarberough remained in the custody of the State of Colorado, and his parole violation was still active (*Id.*). The Colorado State Board of Parole conducted hearings on Yarberough's parole violation on October 15, 2008; April 29, 2009; September 23, 2009; and December 30, 2009 (*Id.* at 22-25). On December 30, 2009, the Parole Board revoked Yarberough's parole *nunc pro tunc* to September 18, 2008, and sentenced him to serve the remainder of the original four-year sentence in the custody of the Colorado Department of Corrections (*Id.* at 25, 41; Doc. 9, Exh 1, Attachment 3 at 6).

While in the custody of the Colorado Department of Corrections, Yarberough was borrowed from the custody of the State of Colorado and transferred to the United States Marshals Service on January 30, 2009 on a federal writ of habeas corpus *ad prosequendum* (*Id.*, Exh 1, ¶ 4; Attachment 3 at 6). On November 9, 2009, Yarberough was sentenced in the United States District Court for the District of Colorado to the 63-month sentence he is currently serving. The sentencing order does not indicate whether or not the sentence is concurrent or consecutive to Yarberough's State of Colorado sentence (*Id.*, Exh 1, Attachment 5).

Following sentencing, Yarberough was returned to the custody of the State of Colorado on November 18, 2009 (*Id.*, Exh 1, Attachment 4). He was released to the custody of the United States Marshals Service on March 10, 2011, the date he began serving his

1 federal sentence. All of the time Yarberough spent in state custody, from the date of his
2 arrest on September 18, 2008, including the time spent in federal custody pursuant to the
3 writ, until his parole from the state sentence, was credited to the state sentence (*Id.*, Exh 1,
4 ¶ 6, Attachment 7; Attachment 3 at 6).

## DISCUSSION

Federal prisoners may receive credit on their term of imprisonment for prior custody that has not been credited against another sentence. *See* 18 U.S.C. § 3585(b). In enacting this statute, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). A federal sentence begins when federal authorities relinquish the prisoner on satisfaction of the state obligation. *Del Guzzi v. United States*, 980 F.2d 1269 (9th Cir. 1992). The sovereign which first arrested an offender has primary jurisdiction over that offender, unless that sovereign relinquishes it to another sovereign. *See e.g., United States v. Warren*, 610 F.2d 680, 685 (9th Cir. 1980). Borrowing a prisoner from state custody from a primary custodian via a writ of habeas corpus *ad prosequendum* does not result in the original sovereign relinquishing its primary jurisdiction. *Wilson*, 503 U.S. at 337. A prisoner in state custody under a writ of habeas corpus *ad prosequendum* is "on loan" to federal authorities so that the state's jurisdiction is uninterrupted. *Kenny v. Sanders*, 713 F.Supp.2d 989, 991 (C.D.Cal. 2010). The district court does not have the authority to place the prisoner into federal custody for the purpose of commencing his federal sentence. *Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998) (*cert. den*. 527 U.S. 1027 (1999)). Finally, the United States Supreme Court has determined that the United States Attorney General continues to retain authority to award presentence jail credit. *Id*.

Yarberough was arrested by the State of Colorado on firearms offenses and a parole violation. Following the dismissal of the firearms charges, the State of Colorado continued to pursue the parole violation, holding numerous hearings over the course of several months,

finally revoking his parole on December 30, 2009.[1] His federal sentence began when he was received by the United States Marshal on March 10, 2011. Yarberough received credit against his state sentence for all of the time since his September 18, 2008 arrest, including the time he was "on loan" in federal custody on the writ of habeas corpus *ad prosequendum*. "The primary reason for 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody." Program Statement 5880.28, *Sentence Computation Manual-CCCA*. Because the State of Colorado retained primary jurisdiction, the district court had no authority to place Yarberough into federal custody for the purpose of commencing his federal sentence. *Taylor*, 164 F.3d at 445. Finally, he is not entitled to double credit for the time already credited against his state sentence.[2]

Yarberough also argues that BOP abused its discretion in denying his request for retroactive designation under 18 U.S.C. § 3621(b), which would provide Yarberough with credit against both his state and federal sentences. The Court has already ruled that he was not entitled to double credits, and is therefore not entitled to any *nunc pro tunc* designation.

**IT IS THEREFORE RECOMMENDED** that Yarberough's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice** (Doc. 1).

---

[1] Yarberough's reliance on *Buggs v. Crabtree*, 32 F.Supp.2d 1215 (D.Or. 1998) is misplaced. In that case, the Court found that the State of Washington had relinquished primary jurisdiction conferred by an arrest on a state warrant by not acting on either of the state charges for over six months, during which time Buggs had been tried and convicted on federal charges. *Id.* at 1219. In this case, although the state firearms charges were dismissed, the State of Colorado continued to pursue the parole revocation. There was no relinquishment of state jurisdiction.

[2] Yarberough seems to argue that the district court should have designated the sentences as either consecutive or concurrent at the time of sentencing. Without any specification, a federal sentence will run consecutively, and BOP properly calculated the federal sentence to run consecutive to the state sentence. *See* 18 U.S.C. § 3584(a).

1          This recommendation is not an order that is immediately appealable to the Ninth
2   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
3   Appellate Procedure, should not be filed until entry of the district court's judgment.  The
4   parties shall have fourteen days from the date of service of a copy of this recommendation
5   within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1);
6   Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen
7   days within which to file a response to the objections.  Failure timely to file objections to the
8   Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
9   and Recommendation by the district court without further review.  *See United States v.*
10  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any
11  factual determinations of the Magistrate Judge will be considered a waiver of a party's right
12  to appellate review of the findings of fact in an order or judgment entered pursuant to the
13  Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.
14         DATED this 3rd day of May, 2013.

_____
David K. Duncan
United States Magistrate Judge