**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Rodney Yarberough, | ) | No. CV 12-0966-PHX-JAT(DKD) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dennis R. Smith, | ) | |
| Respondent. | ) | |

Pending before the Court is Petitioner Rodney Yarberough's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). This case was referred to Magistrate Judge Duncan who, on May 3, 2013, filed a Report and Recommendation (R&R) recommending that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice. (Doc. 11). Petitioner responded to the R&R by asserting a variety of complaints regarding the underlying trial and sentencing. (Docs. 12, 13). Although Petitioner did not object specifically to the R&R but merely reasserted arguments from his Petition, the Court will consider these assertions to be objections to the R&R and will review the Petition de novo. *See U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**I.     FACTUAL BACKGROUND**

As recounted in the R&R:

> Yarberough is currently serving a 63-month sentence, followed by 3 years of Supervised Release from the District of Colorado for Possession of a Firearm by a Convicted Felon. He is projected to complete his sentence via

Good Conduct Time Release on October 6, 2015 (Doc. 9, Exh 1, Attachment 2). Yarberough was arrested by the Colorado Springs Police Department for weapons charges on September 18, 2008 (*Id.*, Attachment 3). He was on parole at the time of his arrest from El Paso County, Colorado Springs, Colorado; he was also detained on a Colorado parole violation, and a federal ATF detainer (Doc. 1-2 at 4).

On October 23, 2008, the Colorado state charges were dismissed; Yarberough remained in the custody of the State of Colorado, and his parole violation was still active (*Id.*). The Colorado State Board of Parole conducted hearings on Yarberough's parole violation on October 15, 2008; April 29, 2009; September 23, 2009; and December 30, 2009 (*Id.* at 22-25). On December 30, 2009, the Parole Board revoked Yarberough's parole *nunc pro tunc* to September 18, 2008, and sentenced him to serve the remainder of the original four-year sentence in the custody of the Colorado Department of Corrections (*Id.* at 25, 41; Doc. 9, Exh 1, Attachment 3 at 6).

While in the custody of the Colorado Department of Corrections, Yarberough was borrowed from the custody of the State of Colorado and transferred to the United States Marshals Service on January 30, 2009 on a federal writ of habeas corpus *ad prosequendum* (*Id.*, Exh 1, ¶ 4; Attachment 3 at 6). On November 9, 2009, Yarberough was sentenced in the United States District Court for the District of Colorado to the 63-month sentence he is currently serving. The sentencing order does not indicate whether or not the sentence is concurrent or consecutive to Yarberough's State of Colorado sentence (*Id.*, Exh 1, Attachment 5).

Following sentencing, Yarberough was returned to the custody of the State of Colorado on November 18, 2009 (*Id.*, Exh 1, Attachment 4). He was released to the custody of the United States Marshals Service on March 10, 2011, the date he began serving his federal sentence. All of the time Yarberough spent in state custody, from the date of his arrest on September 18, 2008, including the time spent in federal custody pursuant to the writ, until his parole from the state sentence, was credited to the state sentence (*Id.*, Exh 1, ¶ 6, Attachment 7; Attachment 3 at 6).

(Doc. 11 at 2-3).

In his Petition, Petitioner raises two grounds for relief. First, he asserts that he is entitled to pre- and post-sentence incarceration credit on his federal sentence because the State of Colorado relinquished charges and jurisdiction to federal authorities. And second, Petitioner asserts that the Federal Bureau of Prisons (BOP) abused its discretion in denying his request for retroactive designation under 18 U.S.C. § 3621(b). (Doc. 1).

## I. Pre- and Post-Sentence Incarceration Credit

### A. Pre-Sentence Incarceration Credit

Petitioner first argues that Colorado relinquished its charges and jurisdiction when it transferred Petitioner to federal custody and that, therefore, he is entitled to pre-sentence incarceration credit for the time he spent in federal custody prior to sentencing. 18 U.S.C. §

3585(b) allows federal prisoners to receive credit toward the term of imprisonment for pre-sentence incarceration "that has not been credited against another sentence." The United States Supreme Court has interpreted this to mean that "Congress has made clear that a defendant could not receive double credit for his [pre-sentence incarceration]." *U.S. v. Wilson*, 503 U.S. 329, 337 (1992). Petitioner argues that Colorado relinquished its jurisdiction when it transferred him to federal custody under the writ of habeas corpus ad prosequendum. But the Ninth Circuit Court of Appeals has stated, "[w]hen an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) (*quoting Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978)).

Here, Petitioner was transferred from Colorado to federal custody on January 30, 2009 pursuant to a writ of habeas corpus ad prosequendum. As the Court of Appeals stated in *Thomas*, the state did not relinquish its jurisdiction over Petitioner by transferring him: it merely loaned him to the federal authorities. Furthermore, Colorado did not relinquish the charges against Petitioner through the transfer. At the time Petitioner was transferred to federal custody, Colorado had already sentenced Petitioner on the charge of violating his parole. In transferring Petitioner pursuant to the writ of habeas corpus ad prosequendum, Colorado did not relinquish its jurisdiction over Petitioner or give any indication that it was dropping the charges against him.[1] Finally, Colorado already gave Petitioner credit for his pre-sentence incarceration. Congress has made clear its disallowance of double credit; and thus, Petitioner cannot receive credit to his federal sentence for time that was already credited to his state sentence.

---

[1] The fact that Colorado had already sentenced Petitioner prior to his transfer to federal authority clearly distinguishes this situation from that present in *Buggs v. Crabtree*, 32 F. Supp. 2d 1215, 1219 (D. Or. 1998), in which the Court held that the state had relinquished primary jurisdiction over the petitioner by not acting on either of the charges against him until over six months had passed and he had been tried and sentenced in federal court.

### B.     Post-Sentence Incarceration Credit

Petitioner has also argued that he is entitled to receive post-sentence incarceration credit. That is, he argues that he should receive credit toward his federal sentence for the time he spent in state prison serving his state sentence, which is in effect an argument that the federal and state sentences should run concurrently rather than consecutively. Petitioner's Federal Judgment and Commitment Order does not state whether the federal sentence is to be served concurrently or consecutively to the state sentence. 18 U.S.C. § 3584(a) states:

> **Imposition of concurrent or consecutive terms.** – If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Petitioner's state and federal sentences were imposed at different times. Because the court did not order Petitioner's federal sentence to run concurrent to the state sentence, they run consecutively. Therefore, Petitioner is not entitled to receive credit toward his federal sentence for the time he spent serving the state sentence. Accordingly, Petitioner's first argument does not entitle him to relief.

### II.    Abuse of Discretion

Petitioner's second argument is that the BOP abused its discretion when it denied his request for retroactive designation under 18 U.S.C. § 3621(b).[2] Retroactive, or *nunc pro tunc*, designation under that statute would effectively give Petitioner credit toward his federal sentence for the time he spent serving the state sentence. Thus, this argument merely re-frames Petitioner's argument for concurrent rather than consecutive sentencing. For the reasons stated above, Petitioner is not entitled to concurrent sentences.

---

[2] 18 U.S.C. § 3621(b) provides that the BOP may designate as the place of imprisonment "any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP], whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted."

- 4 -

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Report and Recommendation (Doc. 11) is accepted and the Objections (Docs. 12, 13) are overruled; the Petition is dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

DATED this 12th day of July, 2013.

_____
James A. Teilborg
Senior United States District Judge